**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-2955

———————————

JOSEPH SPIZZIRRI; ABDUL RAHIMAN; KYLE KOBOLD,
individually and on behalf of
all other persons similarly situated,

Appellants

v.

ZYLA LIFE SCIENCES; ROBERT S. RADIE;
STANLEY J. MUSIAL; JEFFREY M. DAYNO

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:17-cv-00390)
District Judge: Honorable Michael M. Baylson

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2019

———————————

Before: McKEE, AMBRO and ROTH, *Circuit Judges*.

(Opinion filed: April 30, 2020)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Joseph Spizzirri appeals the district court's grant of Egalet Corporation's[1] motion to dismiss. At issue in this Securities Exchange Act case is whether the district court erred in taking judicial notice of FDA's Center for Drug Evaluation and Research memorandum and, subsequently, in granting Egalet's motion to dismiss.

Our review of a district court's dismissal under Rule 12(b)(6) is de novo. We must accept as true all material allegations in the complaint, but "need not accept as true 'unsupported conclusions and unwarranted inferences.'"[2] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[3] However, a court may also consider matters of public record and documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss into a motion for summary judgement.[4] The district court's decision to take judicial notice of certain facts is reviewed for abuse of discretion.[5]

It was not an abuse of discretion to take judicial notice of the CDER memo because, as the district court explains, the CDER memo is both a matter of public record

---

[1] After principal briefing was complete, Egalet Corporation changed its name to Zyla Life Sciences. We hereby grant Appellees' unopposed motion to amend the caption to reflect this change. But to be consistent with the district court's opinion and the parties' briefing, we continue to use the company's former name in this opinion.

[2] *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1322-23 (3d Cir. 2002) (citation omitted).

[3] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

[4] *Id.*

[5] *In re NAHC, Inc. Sec. Litig.,* 306 F.3d at 1323.

and an authentic document "integral to or explicitly relied upon in the complaint."[6] The

public has unqualified access to the CDER memo via the FDA's website.[7] Additionally,

the CDER memo is integral to the complaint because Spizzirri's claims are based on the

document, even if it is not explicitly cited to.[8] Moreover, the complaint contains exact

language found in the CDER memo.[9] "Plaintiffs cannot prevent a court from looking at

the texts of the documents on which its claim is based by failing to attach or explicitly

cite them."[10]

Given that the district court did not abuse its discretion in taking notice of the

CDER memo, it follows that the district court did not err in dismissing Spizzirri's claim

for the failure to state a claim upon which relief could be granted. The CDER memo

makes clear that the FDA did not grant exclusivity to Egalet's competitor, MorphaBond,

until *after* the class period ended. As the district court points out, Egalet cannot

knowingly make false and misleading statements about the scope of exclusivity granted

to MorphaBond, when the FDA had not yet made this very decision.[11]

The district court's carefully drafted and thorough opinion adequately addresses

the reason for taking judicial notice of the CDER memo, and why Spizzirri cannot state a

---

[6] *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) (citation omitted).
[7] *Id.* at 496.
[8] *Id.* at 497-98.
[9] *Id.* at 498.
[10] *In re Burlington Coat Factory Sec. Litg.*, 114 F.3d 1410, 1426 (3d Cir. 1997).
[11] *In re Egalet Corp. Sec. Litig.*, 340 F. Supp at 512 ("Given that the scope of MorphaBond's exclusivity remained uncertain during the class period, Defendants cannot be attributed with knowledge that the FDA would eventually preclude ARYMO from making intranasal abuse deterrence claims.").

claim under the pleading standard of the PSLRA. We will therefore affirm the grant of the motion to dismiss Spizzirri's claim against Egalet Corp. substantially on the reasons set forth by the district court in its comprehensive Memorandum.